STATE OF NORTH CAROLINA ~~FILED IN~~ THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

MECKLENBURG COUNTY 2021 FEB 25 P 2: 25    20-CVS-10828

LAUREN SMITH,    MECKLENBURG CO.. C.S.C

BY

     Plaintiff,

    v.

THE UNIVERSITY OF NORTH
CAROLINA CHARLOTTE, ROBERT    **NOTICE OF FILING OF NOTICE**
McEACHNIE, in his individual and    **OF REMOVAL**
official Capacities, and the
UNIVERSITY OF NORTH CAROLINA
SYSTEM, through its Governing body,
the BOARD OF GOVERNORS OF THE
UNIVERSITY OF NORTH CAROLINA,

    Defendants.

Under 28 U.S.C. § 1446(d), defendants the University of North Carolina at

Charlotte and the University of North Carolina System give notice that they have

filed a Notice of Removal of this action to the United States District Court for the

Western District of North Carolina, a copy of which is attached as Exhibit 1. Under

28 U.S.C. § 1446(d), the filing of this Notice of Removal with the Clerk of the court

of Mecklenburg County "effect[s] the removal and the State court shall proceed no

further unless and until the case is remanded."

1

This 22nd day of February, 2021.

JOSHUA H. STEIN
Attorney General

Kenzie M. Rakes
Assistant Attorney General
NC State Bar No. 46349
krakes@ncdoj.gov

NC Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: 919-716-6920
Fax: 919-716-6764

*Attorney for Defendants University of North Carolina System and University of North Carolina Charlotte*

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **NOTICE OF FILING OF NOTICE OF REMOVAL** on Plaintiff and Robert McEachnie by placing a copy of same in the United States mail, first-class postage prepaid, addressed to counsel for Plaintiff, as follows:

Julie H. Fosbinder
FOSBINDER LAW OFFICE
840 Seneca Place
Charlotte, NC 28210

*Counsel for Plaintiff*

Marc E. Gustafson
Bell, Davis & Pitt
227 West Trade Street, Suite 1800
Charlotte, NC 282202-1697

*Counsel for Robert McEachnie*

This 22nd day of February, 2021.

Kenzie M. Rakes
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

No. _____

| | |
|---|---|
| LAUREN SMITH,<br><br>   Plaintiff,<br><br>  v.<br><br>THE UNIVERSITY OF NORTH CAROLINA CHARLOTTE, ROBERT McEACHNIE, in his individual and official Capacities, and the UNIVERSITY OF NORTH CAROLINA SYSTEM, through its Governing body, the BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA,<br><br>   Defendants. | NOTICE OF REMOVAL<br>28 U.S.C. §§ 1331, 1441, and 1446<br><br>Mecklenburg County Superior Court<br>State of North Carolina<br>20 CVS 10828 |

TO: The United States District Court
   for the Western District of North Carolina

  PLEASE TAKE NOTICE THAT, Defendants the University of North

Carolina at Charlotte and the University of North Carolina System submit

this Notice of Removal under 28 U.S.C. §§ 1331 and 1441(a) to this Honorable

Court.

  In support of this Notice, these Defendants state the following:

# EXHIBIT 1

## PROCEDURAL BACKGROUND AND RELEVANT ALLEGATIONS

1.    Lauren Smith commenced this action by issuing a summons and requesting permission to file her complaint within 20 days. The superior court granted Ms. Smith's request and issued an order requiring her to file her complaint by September 3, 2020. On September 3, 2020, Ms. Smith filed her complaint, which asserts three causes of action against all defendants: (1) Violation of Title IX, (2) Violation of 42 U.S.C. § 1983, and (3) Intentional Infliction of Emotional Distress.

2.    All three of Ms. Smith's claims are based on her consensual relationship with her professor, which started in the summer of 2017. Ms. Smith ended this relationship in November 2017. She reported this relationship to UNC Charlotte in 2019, and UNC Charlotte investigated Ms. Smith's complaint.

3.    Pursuant to 28 U.S.C. § 1446(a), a copy of the entire state court file is attached hereto and incorporated by reference.

## FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

4.    This Court has original subject-matter jurisdiction under 28 U.S.C. § 1331 because Ms. Smith's complaint alleges violations of federal law. Specifically, she claims that all defendants violated Title IX and 42 U.S.C. §

1983. Accordingly, defendants may remove the action to this Court. 28 U.S.C. § 1441(a).

5.     The Court also has supplemental jurisdiction over Ms. Smith's state-law claim. Because the Court has original jurisdiction over Ms. Smith's federal claims, the Court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Federal and state law claims that "derive from a common nucleus of operative fact[s]" form a single constitutional case for the purpose of subject-matter jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

6.     Plaintiff's non-federal claim is based on the same operative facts as her federal claims: Her consensual relationship with her professor and UNC Charlottes investigation of that relationship after its termination. Accordingly, this Court has supplemental jurisdiction over Plaintiff's claims.

<u>NOTICE OF REMOVAL IS TIMELY</u>

7.     UNC Charlotte and the University of North Carolina System received a copy of Ms. Smith's complaint by mail on January 22, 2021, which means that UNC Charlotte and the University of North Carolina System have

until February 22, 2021, to remove this case. As a result, removal is timely under 28 U.S.C. § 1446(b)(1).

## VENUE

8.      Venue is proper because the Western District of North Carolina includes the Superior Court of Mecklenburg County, North Carolina, where this suit was originally filed. 28 U.S.C. §§ 113(c), 1441(a).

## UNANIMOUS CONSENT TO REMOVAL

9.      Pursuant to 28 U.S.C. § 1446(b)(2), undersigned counsel certifies that UNC Charlotte and the University of North Carolina System consent to and join in this Notice of Removal. In addition, counsel for Defendant Robert McEachnie has also consented to this Notice of Removal.

## NOTICE TO PLAINTIFF AND STATE COURT

10.     Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal will be served on Plaintiff and filed promptly with the Clerk of the Superior Court for Mecklenburg County.

## NON-WAIVER OF DEFENSES

11.     By filing this Notice of Removal, defendants do not waive any defenses that may be available to them and expressly reserve all such defenses, objections, and motions.

4

WHEREFORE, defendants give notice that the above-styled action pending in the Superior Court for Mecklenburg County, North Carolina, has been removed to this Court and that this Court has full jurisdiction over the claims herein as provided by law.

This 22nd day of February, 2021.

JOSHUA H. STEIN
Attorney General

/s/ Kenzie M. Rakes
Kenzie M. Rakes
Assistant Attorney General
NC State Bar No. 46349
krakes@ncdoj.gov

NC Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: 919-716-6920
Fax: 919-716-6764

*Attorney for Defendants University of North Carolina System and University of North Carolina Charlotte*

5

CERTIFICATE OF SERVICE

I certify that the foregoing NOTICE OF REMOVAL was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the below listed attorney for Plaintiff, if registered, and I have served the document upon opposing counsel by mailing via the US Mail, first class, postage prepaid, addressed as follows:

Julie H. Fosbinder
FOSBINDER LAW OFFICE
840 Seneca Place
Charlotte, NC 28210

*Counsel for Plaintiff*

Marc E. Gustafson
Bell, Davis & Pitt, P.A.
227 West Trade Street, Suite 1800
Charlotte, NC 28202

*Counsel for Robert McEachnie*

This 22nd day of February, 2021.

 /s/ Kenzie M. Rakes
Kenzie M. Rakes
Assistant Attorney General

6

# STATE OF NORTH CAROLINA

File No. _____

Mecklenburg _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name And Address Of Plaintiff 1 |
| --- |
| Lauren Smith |

## GENERAL
## CIVIL ACTION COVER SHEET

☒ INITIAL FILING   ☐ SUBSEQUENT FILING

| Name And Address Of Plaintiff 2 |
| --- |
| |

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

**VERSUS**

| Name And Address Of Defendant 1 |
| --- |
| The University of North Carolina System, and UNCC |
| 9201 University City Boulevard |
| Charlotte, N.C. 28223 |

Name And Address Of Attorney Or Party If Not Represented
(complete for initial appearance or change of address)
Julie H Fosbinder

Fosbinder Law Office
501 East Morehead Street
Charlotte NC 28202

| Summons Submitted | |
| --- | --- |
| ☒ Yes  ☐ No | |

| Telephone No. | Cellular Telephone No. |
| --- | --- |
| (704) 333-1428 | (704) 560-8600 |

| NC Attorney Bar No. | Attorney Email Address |
| --- | --- |
| 19400 | jhanfos2@gmail.com |

| Name And Address Of Defendant 2 |
| --- |
| Robert McEachnie |
| UNCC |
| 9201 University City Boulevard |
| Charlotte, N.C. 28223 |

☒ Initial Appearance in Case   ☐ Change of Address

| Name Of Firm | Fax No. |
| --- | --- |
| Fosbinder Law Office | |

Counsel For
☒ All Plaintiffs   ☐ All Defendants   ☐ Only (list party(ies) represented)

| Summons Submitted | |
| --- | --- |
| ☒ Yes  ☐ No | |

☒ Jury Demanded In Pleading   ☐ Complex Litigation   ☐ Stipulate to Arbitration

## TYPE OF PLEADING

(check all that apply)

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) *(see Note)*
☐ Change Venue (CHVN)
☒ Complaint (CCMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) *Assess Court Costs*
☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
☐ Dismiss (DISM) *Assess Court Costs*
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (FXCO)
☐ Failure To Join Necessary Party (FJNP)

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other *(specify and list each separately)*

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

(Over)

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☒ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | Violation of Title IX |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | Sexual Harassment |
| ☐ Contract (CNTR) | ☐ Negligence - Other (NEGO) | Intentional Infliction of Emotional |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | Distress |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | Assault |
| | | Violation of Due Process protections ⊞ |

| Date | Signature Of Attorney/Party |
|---|---|
| 08/13/2020 | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out Of State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s) | ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|---|
| | | | ☐ Yes  ☐ No |
| | | | ☐ Yes  ☐ No |
| | | | ☐ Yes  ☐ No |
| | | | ☐ Yes  ☐ No |
| | | | ☐ Yes  ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

File No.

Mecklenburg County

Name Of Plaintiff
Lauren Smith

**VERSUS**

Name Of Defendant
The University of North Carolina Charlotte, and Robert McEachnie

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**APPLICATION AND ORDER
EXTENDING TIME TO
FILE COMPLAINT**

G.S 1A 1 Rule 3

| APPLICATION |
|---|

The undersigned requests permission to file a complaint in this action within twenty (20) days of any order granting this Application as provided in Rule 3 of the Rules of Civil Procedure. The nature and purpose of the action are:

Name And Purpose Of The Action

Plaintiff Lauren Smith brings this action against the Defendants, including the University of North Carolina at Charlotte and Robert McEachnie. She brings her claims under Title IX of the Education Amendments Act, under 42 U.S.C. 1983 for violations of her rights under the Fourteenth Amendment, for intentional infliction of emotional distress, and under the North Carolina Constitution, Article I, Sections One and Fourteen.

| Date | Signature | |
|---|---|---|
| 08-13-2020 | | ☐ Applicant<br>☒ Attorney For Applicant |

| ORDER |
|---|

The Court states that the nature and purpose of this action are as set forth above.

Therefore, it IS ORDERED that permission is granted to the applicant to file a complaint in this action up to and including the date shown below.

File Complaint On Or Before

~~September 3 2020~~

*(Date must be within 20 days of date of Order.)*

Date Of Order  8-14-2020

Signature  alieha Mill

☐ Assistant Clerk Of Superior Court  ☐ Clerk Of Superior Court

**NOTE:** *Under Rule 3 of the Rules of Civil Procedure, upon entry of this Order, a summons shall be issued and the summons and a copy of this Order must be served in accordance with the provisions of Rule 4 A complaint must be filed in this action within the period provided above and that complaint must be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If a complaint is not filed within the above period, the action shall abate.*

AOC-CV-101 Rev 7/11
© 2011 Administrative Office of the Courts

(Over)

# STATE OF NORTH CAROLINA

_____Mecklenburg_____ County

File No.

Scan No.

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Name Of Plaintiff
Lauren Smith

**VERSUS**

Name Of Defendant(s)
University of North Carolina Charlotte, and Robert McEachnie and University of North Carolina System through its governing body th[...]

**CIVIL SUMMONS**
**TO BE SERVED WITH**
**ORDER EXTENDING**
**TIME TO FILE COMPLAINT**

G.S. 1A-1, Rule 4

| To: | To: |
|---|---|
| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| University of North Carolina Charlotte | Robert McEachnie |
| 9201 University City Boulevard | C/O UNCC |
| Charlotte, N.C. 28223 | 9201 University City Boulevard |
| | Charlotte, N.C. 28223 |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served with the complaint as authorized in the attached order. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff) | Date | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☑ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

AOC-CV-102, Rev. 9/19
© 2019 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the Order were received and served as follows.

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of this Summons and Order

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein, who is named below.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service accepted by defendant

| Date Accepted | Time Served | ☐ AM ☐ PM | Signature |
|---|---|---|---|

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of this Summons and Order

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein, who is named below.

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service accepted by defendant

| Date Accepted | Time Served | ☐ AM ☐ PM | Signature |
|---|---|---|---|

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason

| Service Fee Paid $ | Date Received | Signature Of Deputy Sheriff Making Return |
|---|---|---|
| Paid By | Date Of Return | Name Of Deputy Sheriff Making Return (type or print) |
| | | County Of Sheriff |

AOC-CV-102, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

Mecklenburg _____ County

File No. 20CVS10872

Scan No. _____

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| Lauren Smith | **CIVIL SUMMONS** |

**VERSUS**

| Name Of Defendant(s) | **TO BE SERVED WITH** |
|---|---|
| University of North Carolina Charlotte, and Robert McEachnie and University of North Carolina System through its governing body th | **ORDER EXTENDING TIME TO FILE COMPLAINT** |

G.S. 1A-1, Rule 4

| To:<br>Name And Address Of Defendant 1<br>University of North Carolina System through its Governing Body<br>the Board of Governors of the University of North Carolina<br>910 Raleigh Rd.<br>Chapel Hill, NC 27514 | To:<br>Name And Address Of Defendant 2 |
|---|---|

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!

Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served with the complaint as authorized in the attached order. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)<br>June Fosberg<br>840 Seaver Pl<br>Charlotte NC 28210 | Date<br>8/4/2020 | Time<br>2:20 ☐ AM ☒ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

(Over)

AOC-CV-102 Rev 3/19
© 2019 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the Order were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of this Summons and Order

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein, who is named below

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service accepted by defendant

| Date Accepted | Time Served | | Signature |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of this Summons and Order

☐ By leaving a copy of this Summons and Order at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein, who is named below

☐ As the defendant is a corporation, service was effected by delivering a copy of this Summons and Order to the person named below

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Service accepted by defendant

| Date Accepted | Time Served | | Signature |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Date Received | Signature Of Deputy Sheriff Making Return |
|---|---|---|
| $ | | |
| Paid By | Date Of Return | Name Of Deputy Sheriff Making Return (type or print) |
| | | County Of Sheriff |

AOC-CV-102 Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

Mecklenburg County

In The General Court Of Justice
☐ District ☒ Superior Court Division

Name Of Plaintiff
Lauren Smith

Address

City State Zip

## VERSUS

Name Of Defendant(s)
University of North Carolina at Charlotte and Robert McEachnie,

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

### To Each Of The Defendant(s) Named Below:

Name And Address Of Defendant 1
University of North Carolina at Charlotte
9201 University City Blvd.
Charlotte, NC 28223

Name And Address Of Defendant 2
Robert McEachnie
c/o UNCC
9201 University City Blvd.
Charlotte, NC 28223

**IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out!
You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales.
¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)
Julie H. Fosbinder
Fosbinder Law Office
501 East Morehead Street Suite One
Charlotte NC 28202

Date Issued 5/3/2021    Time 3:59 ☐ AM ☐ PM

Signature

☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement    Time    ☐ AM ☐ PM

Signature

☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below

> Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below

> Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC CV-100 Side Two Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

Mecklenburg _____ County

File No.
20 CVS 10828

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name Of Plaintiff**
Lauren Smith

**Address**

**City, State, Zip**

## VERSUS

**Name Of Defendant(s)**
The University of North Carolina at Charlotte and Robert
McEachnie

### CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| The University of North Carolina System through its Governing Body System | Robert McEachnie |
| 910 Raleigh Road | c/o UNCC |
| Chapel Hill NC 27514 | 9201 University City Blvd. |
| | Charlotte, NC 28223 |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out!
You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as
possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales.
¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible
acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos
documentos!

A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been
served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Julie H. Fosbinder | 9 3 2020 | 3 55 ☐ AM ☒ PM | |
| Fosbinder Law Office | **Signature** | | |
| 501 East Morehead Street Suite One | | | |
| Charlotte NC 28202 | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time | |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM ☐ PM | |
| | **Signature** | | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

NOTE TO PARTIES: Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or
less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and if
so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows

### DEFENDANT 1

| Date Served | Time Served | AM ☐ PM ☐ | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason

### DEFENDANT 2

| Date Served | Time Served | AM ☐ PM ☐ | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-Cv-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

Mecklenburg _____ County

File No.

20 CVS 10828

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| Name Of Plaintiff<br>Lauren Smith | |
| Address | **CIVIL SUMMONS**<br>☒ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |

**VERSUS**

G.S. 1A-1, Rules 3 and 4

| Name Of Defendant(s)<br>The University of North Carolina at Charlotte and Robert McEachnie, | Date Original Summons Issued |
|---|---|
| | Date(s) Subsequent Summons(es) Issued |

To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1<br>The University of North Carolina at Charlotte<br>9201 University City Blvd<br>Charlotte NC 28223 | Name And Address Of Defendant 2<br>Robert McEachnie<br>c/o UNCC<br>9201 University City Blvd.<br>Charlotte, NC 28223 |
|---|---|

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!

Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)<br>Julie H. Fosbinder<br>Fosbinder Law Office<br>840 Seneca Place<br>Charlotte NC 28210 | Date Issued<br>11-23 2020 | Time<br>12 35  ☐ AM ☒ PM |
|---|---|---|
| | Signature | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time<br>☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | | RETURN OF SERVICE | |
|---|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows.

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ Mecklenburg _____ County

In The General Court Of Justice
☐ District   ☒ Superior Court Division

*Name Of Plaintiff*
**Lauren Smith**

*Address*

*City, State, Zip*

## CIVIL SUMMONS
☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

### VERSUS

G.S 1A-1 Rules 3 and 4

*Name Of Defendant(s)*
The University of North Carolina at Charlotte and Robert McEachnie,

*Date Original Summons Issued*
08/14/2020

*Date(s) Subsequent Summons(es) Issued*
09/03/2020

To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| The University of North Carolina System through its Governing Board System | Robert McEachnie |
| 910 Raleigh Road | c/o UNCC |
| Chapel Hill NC 27514 | 9201 University City Blvd |
| | Charlotte, NC 28223 |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out!** You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!** Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1  Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2  File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | *Date Issued* 11-23-2020 | *Time* 12 35 ☐ AM ☒ PM |
|---|---|---|
| Julie H. Fosbinder | *Signature* | |
| Fosbinder Law Office | | |
| 840 Seneca Place | ☒ *Deputy CSC*   ☐ *Assistant CSC*   ☐ *Clerk Of Superior Court* | |
| Charlotte NC 28210 | | |

| ☐ **ENDORSEMENT (ASSESS FEE)** This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ *Deputy CSC*   ☐ *Assistant CSC*   ☐ *Clerk Of Superior Court* | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

*(Over)*

AOC-CV 100, Rev 4/18
© 2018 Administrative Office of the Courts

| | | RETURN OF SERVICE | |

I certify that this Summons and a copy of the complaint were received and served as follows

## DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

## DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return: | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

LAUREN SMITH,

            Plaintiff,

vs.

THE UNIVERSITY OF NORTH
CAROLINA CHARLOTTE, ROBERT
MCEACHNIE, in his individual and official
Capacities, AND THE UNIVERSITY OF
NORTH CAROLINA SYSTEM, through its
Governing body, the BOARD OF
GOVERNORS OF THE UNIVERSITY OF
NORTH CAROLINA,

            Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

2020 DEC -3 P 3: 59

CASE NO.:   20-CVS-10828

COMPLAINT
(Jury Trial Requested)

## I.  INTRODUCTION

## COMPLAINT

The Plaintiff, Lauren Smith. complaining of the Defendants. hereby alleges and says the

following:

## I.
## NATURE OF THE ACTION

1.     This civil action has been commenced by the Plaintiff to rectify, and otherwise

remedy violations of 20 U.S.C. 1681(a) as more fully set forth herein.

2     This is also an action brought under 42 U.S.C. § 1983 (prohibiting persons acting

under the color of law from depriving others of the rights. privileges and immunities secured by

the Constitution), to redress the violations of Plaintiff's constitutional rights.

1

3    This is also an action brought under the North Carolina Constitution. and under North Carolina common law. for intentional infliction of emotional distress.

4.    Plaintiff seeks compensatory damages, pecuniary damages. injunctive relief. and such other relief to which she is entitled as a consequence of the acts taken against her by Defendants.

## II.
## PARTIES & JURISDICTIONAL STATEMENT

5.    Plaintiff Lauren Smith is a female citizen and resident of Gaston County. North Carolina. At most times relevant herein, Ms. Laws was a student at the University of North Carolina Charlotte (hereafter UNCC).

6.    The Defendant The University of North Carolina Charlotte. is a constituent institution of the Defendant The University of North Carolina System. The Defendant UNCC is located in and operates in Mecklenburg County, North Carolina.

7.    Defendant The University of North Carolina System is governed by the Board of Governors of the University of North Carolina, as established by Chapter 116 of the North Carolina General Statutes.

8.    The Board of Governors of The University of North Carolina System is a body politic that is able and capable in law to be sued and sue in the courts. to acquire and sell real estate and perform related functions, and in general to do all things that can be legally done by a body corporate and/or politic.

9.    Collectively the Defendant university entities are referred to as the University Defendants.

10.    Defendant Robert McEachnie was and is, upon information and belief, employed by the Defendant Universities and works as a professor at UNCC

2

11. This Court has jurisdiction over the parties and subject matter of this Complaint. Venue is proper in Mecklenburg County.

## III.
## STATEMENT OF FACTS

12. Ms. Smith is now 24 years old. Ms. Smith was 21 when the incidents in question began.

13. Ms. Smith grew up in Gaston County, North Carolina, and received her high school diploma from Gastonia's Forestview High School in 2013. Ms. Smith earned a degree from UNCC in Religious Studies and graduated in 2018.

14. Ms. Smith is a very hard-working person. She is employed full time as a server and is pursuing additional degrees at UNCC, including a Bachelor of Arts in History and a teaching certificate. She anticipates completing her history degree and obtaining her teaching certificate by 2022.

15. Ms. Smith enrolled in a UNCC Ancient Christianities class for spring semester, 2017. It is there that she met Defendant Robert McEachnie. Upon information and belief, Defendant McEachnie has been employed by UNCC for approximately ten years.

16. Within a few weeks of the commencement of the class, in the spring of 2017, Ms. Smith was encouraged by fellow students to participate in gatherings Mr. McEachnie hosted in his office between classes. Mr. McEachnie held court in these office gatherings, which sometime lasted for hours. He told the assembled group of his academic accomplishments, including a book which he had written and said was being released at that time. Mr. McEachnie as charming and engaging in these early meetings. The

3

students were attracted to his energy and enthusiasm.

17. In the office gatherings. Defendant Robert McEachnie encouraged the students to disclose very personal and private details of their lives. in part by sharing details of his own illness with them.

18. At one office session. when other students were present. Mr. McEachnie questioned Ms. Smith about a doctor's appointment, and later gleaned information from her about her medical conditions.

19. From the time he met her, Mr. McEachnie groomed Ms. Smith for a sexual relationship with him. Mr. McEachnie encouraged Ms. Smith to speak frankly with him about her thoughts and ideas and her personal life. She shared with him intimate details of her life. Mr. McEachnie complimented her, while at the same time bragging about his academic accomplishments so that she would hold him in high regard. He told her to go to graduate school. and that he would help her apply and write a letter of recommendation for her.

20. In or about late April 2017. Mr. McEachnie began to invite Ms. Smith to come to his office alone. In these closed door sessions in Mr. McEachnie's office he confided in Ms. Smith additional details of his personal life, his marital situation and his sexual habits and propensities.

21. Ms. Smith and Mr. McEachnie began to communicate through social media using false usernames created by Mr. McEachnie, and twitter and text messages with false identifiers.

22. Beginning a few weeks after the commencement of the office meetings. Mr. McEachnie invited Ms. Smith and another female student to his home for dinners at

4

which his wife and children were present.

23. Mr. McEachnie pursued Ms. Smith, inviting her to come to his house when his family was out of town. He called Ms. Smith late at night, and told her everything would work itself out, and they would be together.

24. Upon information and belief, another student of Mr. McEachnie, AW, was subjected to sexual overtures and inappropriate touching by Mr. McEachnie while on the Israel study abroad trip in the summer of 2017. Ms. AW was in a very vulnerable position, having serious medical conditions. Ms. AW states that she rejected Mr. McEachnie's overtures and that his response was to threaten her ability to get into graduate school if she told anyone.

25. This information regarding Ms. Weiss became known to Ms. Smith only after she ended the relationship with Mr. McEachnie. Upon information and belief, Ms. Weiss reported Mr. McEachnie's sexual overtures and actions to the University by reporting him to his Department Chair in early July 2017. No corrective action against Mr. McEachnie was taken in response to Ms. Weiss' complaint.

26. The UNCC investigative report created in response to Ms. Smith's complaint reveals that Ms. Weiss' allegations were not even given a cursory investigation in 2017, and would apparently have been permanently hidden had Ms. Smith not come forward with her own complaint in 2018    The department chair stated that he failed to take action in response to the AW complaint because he had misunderstood his obligations under the applicable University policy.

27. Ms. Smith applied to the UNCC sponsored Mt. Zion summer study abroad program, held in Jerusalem in the summer of 2017    Mr. McEachnie encouraged Ms. Smith to

5

participate in this program, a program for which he was responsible.

28. As a part of her application for the study abroad program, Ms. Smith completed a medical form which disclosed her medical conditions, and medications. Upon information and belief, Mr. McEachnie had access to this medical form.

29. In Israel, Mr. McEachnie's attentions toward Ms. Smith increased significantly. He communicated with her by text, twitter and Whatsapp. These private communications took place on a daily basis, many times multiple times per day. As a matter of the nature of the study program Ms. Smith also worked with Mr. McEachnie on a daily basis, under the rugged conditions and high temperatures the dig required. Mr McEachnie and Ms. Smith used false names on each of their social media platforms.

30. After arriving in Israel. Mr. McEachnie began a sexual relationship with Ms. Smith. He abused his position as a teacher in order to have a sexual relationship with Ms. Smith. Mr. McEachnie made promises to Ms. Smith of both a very personal and a professional nature, took advantage of her serious medical conditions, and exhorted great control over her.

31. Mr. McEachnie urged Ms. Smith and another female student to extend their stay even after the official summer study program ended. Ms. Smith assented. She left to meet Mr. McEachnie in Turkey where they stayed for a short time.

32. The two then travelled to London together where the relationship continued.

33. During this time. Mr. McEachnie became even more open with Ms. Smith, disclosing student grades and detailed assessments of student academic work. Mr. McEachnie violated the FERPA by these discussions and disclosures.

34. Mr. McEachnie also interfered with Ms. Smith's education after their return from the Israel and London trip.

35. In the fall of 2017. Mr. McEachnie told Ms. Smith to drop two classes she had signed up for because he was teaching them. He indicated that in order for them to continue their relationship she would have to drop the two classes. and she did.

36. From the beginning of their interactions, Mr. McEachnie manipulated Ms. Smith in many ways. He made numerous false statements to her about his intentions. and took advantage of her serious psychological conditions which made her unusually vulnerable to his actions. He showed other student's papers. inplying that he could do the same with her private information.

37 Ms. Smith was severely damaged by Mr. McEachnie,and sought additional psychological help after her return to the United States in the fall of 2017. Eventually. Ms. Smith terminated the relationship with Mr. McEachnie in or about November 2017.

38. Ending the relationship did not terminate the pain caused by it and the psychological harm. That psychological harm continues to be a factor in Ms. Smith's life.

39 In 2019, Ms. Smith reported Mr. McEachnie's misconduct and some details of their relationship to the Department Chair.

40. An investigation of Ms. Smith's complaint was performed.

41. Although Mr. McEachnie acknowledged lying about material facts to his students on the Israel trip. misrepresenting his relationship with Ms. Smith, and engaging in a sexual relationship with a subordinate and vulnerable student while overseas, his employment was not terminated The final report of the investigation fails to fully address certain critical allegations, including AW's allegations of unwanted physical touching by Mr.

7

McEachnie.

42. The final report of the investigation fails to provide for adequate corrective and remedial actions to address Mr. McEachnie's misconduct.

43. Mr McEachnie violated UP 101. 3 entitled "Relationships between Students and Faculty Members or other University Employees" by having an "amorous relationship" with a student who he was teaching and supervising in the Ancient Christianities class, and during the summer study program.

## IV. LEGAL CLAIMS

## FIRST CAUSE OF ACTION

### (Violation of Title IX, 20 U.S.C. 1681(a))

44.      Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

45.      At all material times, upon information and belief, the defendant Universities were receiving federal funding as contemplated by Title IX, 20 U.S.C. 1681, et.seq.

46.      The sex based harassment and conduct alleged in the foregoing paragraphs was so server, pervasive and objectively offensive that it deprived Plaintiff of her access to educational opportunities or benefits provided by the University Defendants.

47. The Defendants deprived Plaintiff of educational benefits and created a hostile work environment in violation of Title IX, because Plaintiff was a member of a protected class as a female, she was subjected to sexual harassment and sexual misconduct, that harassment and misconduct took place because of her gender, female, and she was subjected to a hostile environment by the Defendants' failure to properly and adequately address the actions complained of.

8

48. The Defendants' failures to properly and adequately and promptly address the conduct of the Defendant McEachnie resulted in Plaintiff, because of her gender, being excluded from participation in, being denied the benefits of and being subjected to discrimination in the Defendants' education programs.

49. Defendants failed to take immediate, appropriate and effective remedial steps to resolve the complaints of Plaintiff's fellow student and of Plaintiff, and instead acted with deliberate indifference to plaintiff and her co-students. Defendants engaged in a pattern and practice of failing to address adequately the sexual harassment and sexual misconduct allegations of students. This policy had a disparate impact on female students and resulted in disparate treatment of female students.

50. Plaintiff has suffered emotional distress and damage, and has lost tuition dollars as a result of the Defendants' conduct, including their deliberate indifference to her rights under Title IX.

## SECOND CAUSE OF ACTION

### ( Violation of 42 U.S.C. 1983)

51. Plaintiff re-alleges and incorporates by reference the allegations contained in the Preceding Paragraphs of this Amended Complaint.

52. Under the Fourteenth Amendment, Plaintiff is due equal rights under the law, including the right to personal security and integrity.

53. The University Defendants had or have unconstitutional practices, customs or policies of failing to adequately investigate and respond to complaints of sexual misconduct by professors, and failing to adequately train personnel with respect to reporting and investigating

9

complaints of sexual misconduct by professors. This has had a disparate impact on female students and resulted in disparate treatment of female students.

54. As a direct and proximate result of the discriminatory acts of the Defendant. Plaintiff has sustained damages in the form of emotional distress, including, but not limited to humiliation. sleeplessness, anxiety and depression. Accordingly. Plaintiff is entitled to compensatory damages in amounts to be proven at trial.

## THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

51 Plaintiff re-alleges and incorporates by reference the allegations contained in the Preceding Paragraphs of this Complaint

52 Plaintiff was subjected to conduct which was both extreme and outrageous by Defendant McEachnie and the University Defendants.

53. The extreme conduct included acts which were intolerable in a civilized society. The acts were atrocious and went beyond the bounds of decency. North Carolina courts have repeatedly concluded that a pattern of sexually inappropriate workplace behavior may constitute extreme and outrageous conduct. Such conduct occurred here.

54. As a direct and proximate result of the extreme and outrageous acts of the Defendant. Plaintiff has sustained severe emotional distress, including. anxiety and depression. As a direct and proximate result of the extreme and outrageous acts of the Defendant, Plaintiff has sustained damages in the form of emotional distress. including. but not limited to humiliation, sleeplessness, anxiety and depression. Accordingly. Plaintiff is entitled to compensatory damages in amounts to be proven at trial.

54. The actions of Defendant McEachnie were taken with the intent to cause, or

10

reckless disregard for the causing of severe emotional distress upon Plaintiff. Plaintiff is entitled to receive punitive damages for these actions.

## V.
## PRAYER FOR RELIEF

WHEREFORE. Plaintiff prays the Court to enter an Order:

(A) Permanently enjoining Defendants from engaging in discriminatory practices;

(B) Awarding Plaintiff monetary damages in the form of tuition. in amounts to be proved at trial:

(C) Awarding Plaintiff compensatory damages for emotional distress, anxiety, depression and humiliation;

(D) Awarding Plaintiff her reasonable attorneys' fees and costs incurred in connection with this action:

(E) Granting Plaintiff such further and different relief as the Court deems necessary and proper under the circumstances of this case.

## IV.
## JURY TRIAL DEMANDED

Plaintiff demands a jury trial regarding the matters alleged herein

This the 3rd day of September, 2020.

Julie H. Fosbinder
Attorney for Plaintiff
N.C. State Bar No. 19400
FOSBINDER LAW OFFICE
840 Seneca Place
Charlotte, North Carolina 28210
Telephone: (704) 560-8600
Email: jhanfos2@gmail.com

11

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20-CVS-10828

LAUREN SMITH,

Plaintiff,

v.

THE UNIVERSITY OF NORTH CAROLINA
CHARLOTTE, ROBERT MCEACHNIE, in his
individual and official capacities, and THE
UNIVERSITY OF NORTH CAROLINA
SYSTEM, through its governing body, the
BOARD OF GOVERNORS OF THE
UNIVERSITY OF NORTH CAROLINA,

Defendants.

**ACCEPTANCE OF SERVICE**

FILED

2021 FEB 22 A 9: 59

MECKLENBURG CO. C-S-C

BY_____

The undersigned counsel for Defendant Robert McEachnie ("Defendant") hereby acknowledges receipt and accepts service of the Civil Summons and Complaint, filed on September 3, 2020, in this matter, pursuant to North Carolina Rule of Civil Procedure 4(j5).

By my signature below, I acknowledge due and legal service on Defendant without waiving any claims or defenses except as to the sufficiency of process and the service thereof pursuant to Civil Rule 12(b).

This the 19th day of February, 2021.

Marc E. Gustafson, N.C. State Bar No. 34429
Bell, Davis & Pitt, P.A.
227 W. Trade Street, Suite 1800
Charlotte, NC 28202
Telephone: (704) 227-0400
Email: mgustafson@belldavispitt.com
*Attorneys for Defendant Robert McEachnie*