# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## CASE NO. 3:21-CV-079-RJC-DCK

| | |
|---|---|
| LAUREN SMITH, | ) |
| Plaintiff, | ) |
| v. | ) **PROTECTIVE ORDER** |
| UNIVERSITY OF NORTH CAROLINA AT CHARLOTTE, ROBERT MCEACHNIE, and the UNIVERSITY OF NORTH CAROLINA SYSTEM, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Consent Protective Order" (Document No. 16) filed May 7, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. **IT IS ORDERED** that the parties' "Joint Motion For Consent Protective Order" (Document No. 16) is **GRANTED** as follows.

### Designation of Confidential Information

1. "Confidential Information" as used herein means any type or classification of information which is designated as "Confidential" in the manner specified below, in the good faith belief that such information falls within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and is subject to this Order. For purposes of this Order, "Confidential Information" means medical records, student education records, financial and/or personal information, including but not limited to employee personnel files, pay information, drug testing documents, workers' compensation files, information about disabilities, individual financial records, tax returns, retirement benefits, and other personal or financial information relating to the parties and to third

parties. "Confidential Information" also includes information provided by the parties and third parties regarding sexual activities and sexually based correspondence between the parties. "Confidential Information" also includes the identity of witnesses who provide Confidential Information. "Confidential Information" may include documents, information contained in documents, depositions, interrogatory answers, and all other discovery pursuant to the Federal Rules of Civil Procedure, court testimony, matters in evidence and other information furnished by or on behalf of any party in connection with this litigation which falls within the scope of this Order.

2. The party producing any documents or information subject to this Order shall have the right to use its discretion in designating materials to be Confidential Information as defined herein. However, the party shall be obligated to designate only documents or information which it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

3. Any party producing documents may designate such documents and copies thereof as confidential by marking any Confidential Information as follows: CONFIDENTIAL. In lieu of placing said legend on the originals of documents, the producing party may legend the copies that are produced, or produce the Confidential Information with a cover letter clearly identifying the information designated as Confidential.

4. Information disclosed at the deposition of any party or at the deposition of one of its present or former officers, directors, employees, or agents, or of independent experts retained by any party for purposes of this litigation may be designated by such party as Confidential by indicating on the record at the deposition that the testimony is confidential and subject to the

provisions of this Order. Alternatively, such party may designate information disclosed at such deposition as Confidential by notifying all parties in writing, within ten (10) business days of initial receipt of the transcript, of the specific pages and lines of the transcript which are confidential. All depositions shall be treated as confidential for a period of at least twelve (12) business days after initial receipt of the transcript of said deposition.

## Use of Confidential Information

5. Confidential Information shall be used only for the purpose of these proceedings, and any appeal filed therefrom, and for the purpose of any internal investigation conducted by the University Defendants, and shall not be disclosed to any person except the following:

(a) Counsel for any party, the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action, and any party, to the extent necessary to prepare this case for this litigation;

(b) Agents, representatives and employees of any party, as is necessary to prepare this case for litigation;

(c) Subject to the provisions of Paragraph 6 below, independent experts (who shall not be a party or an employee of a party) employed by counsel for the purpose of assisting in this action;

(d) A witness who is either the producing party or an employee of the producing party or a former or current employee of the producing party, as is necessary to prepare this case for litigation, and the court reporter and courtroom personnel at any deposition, pretrial hearing, trial or other proceedings held in connection with this action. Disclosure may be made to a witness who is the author of, recipient of, or subject matter of the confidential information;

(e) Subject to the provisions of Paragraph 7 below, any court, including this

3

Court, or appellate body which has cause to consider any of the issues raised in this action;

   (f)  Jurors and prospective jurors;

   (g)  University employees and agents for the purpose of conducting any internal investigation;

   (h) Parties, witnesses, advisors, and other persons who participate in any University internal investigation related to the Confidential Information;

   (i) Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

## Non-Disclosure of Confidential Information

  6.  No person to whom Confidential Information is disclosed shall disclose such confidential information to any person to whom disclosure is not authorized by the terms of this Order or make any other disclosure of such Confidential Information for any purpose whatsoever, commercial or otherwise. The parties agree that if Confidential Information is disclosed to any person identified in Paragraph Five, that person shall be instructed to maintain the confidentiality of the Information.

## Information Filed with the Court

  7.  When a party seeks to file under seal confidential documents, things, and/or information, including confidential portions of any transcript, a party shall electronically file under seal pursuant to the applicable local rule and the Administrative Procedures Governing Filing and Service by Electronic Means.

## General Conditions

  8.  In the event that a party disputes the propriety of the designation of any material or information as confidential, that party shall meet and confer with designating counsel about the

specific designation being challenged and if the parties are unable to resolve the issue, such challenging party may file a motion with the Court requesting a ruling regarding whether the material or information should be treated as Confidential for purposes of this Order. No party shall be obligated to challenge the propriety of any designation of information as Confidential and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

9. At the conclusion of this litigation, the parties will contact the Court to obtain any Confidential Information in the Court's files so the parties may make appropriate disposition of all Confidential Information furnished pursuant to the terms of this Order.

11. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the Confidential Information. Specifically, this Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated Confidential at trial or examining witnesses about materials designated Confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of Court. In addition, University Defendants can use this information to examine witnesses during any internal investigation.

12. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection or is entitled to a more limited form of protection than designated.

13. The production of attorney-client privileged materials, work product protected materials, or trial preparation materials shall not constitute a waiver of those protections. In the event of the production of such protected information, the Parties will follow the procedure set out

5

Case 3:21-cv-00079-RJC-DCK   Document 17   Filed 05/10/21   Page 5 of 6

in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

    **SO AGREED AND CONSENTED TO**:

/s/ Julie H. Fosbinder
Julie H. Fosbinder
N.C. State Bar No. 19400
FOSBINDER LAW OFFICE
840 Seneca Place
Charlotte, North Carolina 28210
Telephone: (704) 560-8600
Email: jhanfos2@gmail.com
Attorney for Plaintiff

/s/ Jenny L. Sharpe
N.C. State Bar No. 13698
J SHARPE, PLLC
15720 Brixham Hill Avenue
Suite 300
Charlotte, North Carolina 28277
Telephone: (704) 944-3272
Email: sharpeatorney@gmail.com
Attorney for Plaintiff

/s/Kenzie M. Rakes
Kenzie M. Rakes
Assistant Attorney General
N.C. State Bar 46349
N.C. Department of Justice
P.O. Box 629
Raleigh, N.C. 27602
krakes@ncdoj.gov
Attorney for University Defendants

/s/ Marc E. Gustafson
Marc E. Gustafson
Bell, Davis & Pitt
227 West Trade Street
Suite 1800
Charlotte, N.C. 28202
Mgustafson@belldavispitt.com
Attorney for Defendant McEachnie

**SO ORDERED**.

Signed: May 7, 2021

_____
David C. Keesler
United States Magistrate Judge